IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOHABEN CEDO-TRABAL,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO. 19-1676 (GLS)

**OPINION AND ORDER**

Pending before this Court is Plaintiff Johaben Cedo-Trabal's ("Plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 (d) (Docket No. 31), which stands unopposed by the Commissioner of Social Security ("Commissioner"). Upon reviewing Plaintiff's request for the award of fees and the applicable law, Plaintiff's motion is **GRANTED**.

**I.      Procedural Background**

On July 15, 2019, Plaintiff filed a Complaint seeking review of a final decision of the Commissioner which denied his application for disability insurance benefits under 42 U.S.C. § 423. Docket No. 1. On January 13, 2020, the Commissioner answered the Complaint and the following day filed the transcript of the administrative record. Docket Nos. 7 and 8. On December 18, 2020, Plaintiff filed a memorandum of law in support of his request to reverse or remand the Commissioner's decision. Docket No. 10. The Commissioner filed various requests for extensions

1

of time to submit an opposition to Plaintiff's memorandum of law. Docket Nos. 13, 17 and 26. However, the opposition was not filed.

On March 25, 2021, the Commissioner asked the Court to reverse its final decision and remand the case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docket No. 28. Pursuant to the Commissioner's request— to which Plaintiff consented— further proceedings and a new hearing would further develop the administrative record and allow the Administrative Law Judge to re-evaluate the medical source opinion evidence on Plaintiff's hospitalizations and, if necessary, issue a new decision. Id. The Court granted the Commissioner's request and, on March 29, 2021, entered Judgment remanding the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. §405(g). Docket Nos. 29 and 30.

On April 29, 2021, Plaintiff moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) ("EAJA"). Docket No. 31. Plaintiff claims that he is entitled to attorney's fees since he is the "prevailing party" under Section 204(a) of the EAJA; is not an individual whose net worth exceeds two million dollars; the position of the United States in this litigation was not substantially justified, and no "special circumstances" make an award of fees unjust. Id.

Plaintiff's fee petition was timely filed after this Court issued the Judgment to remand the matter to the administrative forum, and the Commissioner did not oppose Plaintiff's request. For the reasons discussed below, Plaintiff's request for an award of attorney's fees in the total amount of $5,687.00 is **GRANTED**.

## II. Discussion

### A. Fees under the EAJA

The EAJA is a "fee-shifting statute that creates a right to attorney's fees in appropriate civil actions against the United States". Rivera-Quintana v. Commissioner of Social Security, 692 F.Supp.2d 223, 225 (1st Cir. 2010) (citing Perkins v. Astrue, 568 F.Supp.2d 102, 103 (D.Mass.2008)). The statute was enacted "to ensure that aggrieved individuals will not be prevented from seeking redress from erroneous governmental action by defraying the cost of attorney fees and other legal expenses in civil actions under special circumstances." B. Samuels, 2 Social Security Disability Claims Practice & Procedure§ 21:113 (2nd ed.); see also Perkins v. Astrue, 568 F.Supp.2d 102 (D.Mass. 2008). In essence, the purpose of the EAJA is "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Comm'r I.N.S. v. Jean, 496 U.S. 154, 163 (1990).

Section 2412(d)(1)(A) of the EAJA establishes that "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in any civil action under the EAJA requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no special circumstances make an award unjust; and (4) that any fee application be submitted to the court within 30 days of final judgment, supported by an itemized statement as required by 28 U.S.C. § 2412(d)(1)(B). See Comm'r INS v. Jean, 496 U.S. at 158. The Court finds that Plaintiff has complied with these four requirements.

If a party's complaint served to achieve a favorable result or an eventual award of benefits the party is considered a "prevailing party". 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court has held that a social security plaintiff who obtains a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) is the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 301-302 (1993). Here, the Court entered Judgment reversing the Commissioner's decision and remanding this action pursuant to sentence four of 42 U.S.C. § 405(g). Thus, Plaintiff is the prevailing party. See Santiago-Aybar v. Comm'r of Soc. Sec., 545 F. Supp. 2d 231, 236 (D.P.R. 2008); Blaney v. Saul, 2020 WL 6162944 (D. Mass. 2020).

The second requirement for the award of attorney's fees— that the Government's position not be substantially justified— is easily met by Plaintiff since his request for fees was unopposed by the Commissioner. "The Supreme Court has explained that for a government position to be 'substantially justified,' it must have 'a reasonable basis in law and fact' and be 'justified to a degree that could satisfy a reasonable person.'" McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1475 (1st Cir. 1989) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). The Commissioner bears the burden of showing substantial justification both as to the government agency's "litigating position" and the underlying agency action. See McDonald, 884 F.2d at 1475-76 (citing United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985)). Since the Commissioner did not contest Plaintiff's motion, and the burden to show substantial justification falls on the Government, the Court finds that the Commissioner's position was not substantially justified. Ramos v. Commissioner, 2012 WL 2711005, at *3 (D.P.R.).

Plaintiff also easily meets the third requirement because the Commissioner, by failing to file an opposition to Plaintiff's motion, made no showing of "special circumstances" to justify the denial of attorney's fees under 28 U.S.C. § 2412(d)(1)(A). And after reviewing the record, the

Court finds that there are no such special circumstances that would make an award of attorney's fees "unjust." See De Jesús Nazario v. Morris Rodríguez, 554 F.3d 196, 200 (1st Cir. 2009) ("the sorts of 'special circumstances' that would permit the outright denial of a fee award ... are few and far between"). If the Commissioner cannot show substantial justification or special circumstances, an award of fees to a prevailing party is mandatory. See 28 U.S.C.A. §2412; Rivera-Quintana, 692 F. Supp. 2d at 225 (citing Trinidad v. Secretary of HHS, 935 F.2d 13, 15 (1st Cir. 1991)(abuse of discretion in denying a fee application when the government has not contested prevailing status, established its position was substantially justified nor objected to the fee request)).

Finally, the EAJA requires that a party file a fee application within thirty (30) days of final judgment accompanied by an itemized statement documenting the time expended and the rate at which fees are computed. See 28 U.S.C. § 2412 (d)(1)(B). The United States Supreme Court has provided that "[a]n EAJA application may be filed until 30 days after a judgment becomes [ ] [un]appealable, that is, 30 days after the time for appeal has ended." Shalala, 509 U.S. at 302 (citing 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G)). Further, under Federal Rule of Appellate Procedure 4(a)(a)(B), a judgment in a social security appeal becomes final and unappealable sixty (60) days after its entry. Thus, Plaintiff had ninety days (90) from the entry of Judgment on March 29, 2021 to file his EAJA petition. Plaintiff's request was timely filed on April 29, 2021 and included an itemized statement of the time expended and the rates at which the fees were computed.

**B. Computation of Fee Award**

Reasonable fees under the EAJA are determined by calculating the number of hours reasonably expended on the litigation multiplied by a reasonable rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Rivera Quintana, 692 F.Supp.2d at 226 (citing Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336-337(1st Cir. 2008) (when faced with fee-shifting statutes such as the

EAJA, courts usually determine reasonable attorney's fees by using the lodestar method, which entails multiplying the number of hours productively spent by a reasonable hourly rate, and once the time reasonably expended is ascertained, the court must focus on the rates to be applied to these hours)). The hours worked by an attorney "are considered acceptable if they are 'reasonable in relation to the difficulty, stakes, and outcome of the case', and where the work carried out 'would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interests'". 10 Business & Commercial Litigation in Federal Courts §105:41 (4th ed.), Westlaw (update December 2020)(internal citations omitted). A prevailing party can recover for work related to the fee application itself. McDonald, 884 F.2d at 1480–81.

In analyzing the hours productively spent by an attorney, "the court should eliminate time that was unreasonably, unnecessarily or inefficiently devoted to the case." Id. Further, courts have discretion to award reasonable and necessary expenses incurred in preparing the civil case and expenses that attorneys customarily charge their clients, such as computer assisted research, work performed by paralegals and law clerks, and expenses for photocopying and postage. See 1 Civ. Actions Against the U.S. §1:44, Westlaw (update March 2021). However, tasks considered clerical or administrative[1] "ought not to be billed at lawyer's rates, even if a lawyer performs them." Sinclair v. Berryhill, 284 F.Supp.3d 111, 116 (D. Mass. 2018) (citing Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992)). But even though they should not be billed at lawyer's rates, these hours "should not be completely eliminated." Id.; see also Richlin Sec. Service Co. v. Chertoff, 553 U.S. 571 (2008) (fees are available at market rates under EAJA for work done by paralegals).

---

[1] Such tasks may include "document preparation, organization, distribution, and copying; drafting emails and other correspondence; data collection; legal cite-checking; scheduling and logistical planning; filing court documents; factual research; and docket review and management." Sinclair v. Berryhill, 284 F.Supp.3d at 116 (citing EEOC v. AutoZone, Inc., 934 F.Supp.2d 342, 353-54 (D. Mass. 2013)).

Fees under the EAJA are based on prevailing market rates for the kind and quality of the services furnished, but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2414(d)(2)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Morin v. Sec'y of Health and Human Serv., 835 F. Supp. 1431, 1435 (D.N.H. 1993). Therefore, courts have authority to determine that an increase in rate is warranted based on the cost of living ("COLA") or another special factor. See 28 U.S.C. §2412 (d)(2)(A); see also Sierra Club v. Sec'y of Army, 820 F.2d 513, 523 (1st Cir.1987); see also Santiago–Aybar, 545 F.Supp.2d at 237 (awarding higher attorney's fees in view of the rate of inflation).

The COLA has been found by courts as a permissible basis to raise the statutory fee. See U.S. v. Cacho-Bonilla, 206 F.Supp.2d 204 (D.P.R. 2002) (citing Pollgreen v. Morris, 911 F.2d 527, 538 (11th Cir. 1990)). Further, "[i]n allowing for an upward adjustment to account for an increase in the cost of living, the Court is guided by the instructions of the Court of Appeals for the First Circuit, which has found the cost-of-living provision to be an integral tool in accomplishing EAJA's purpose". Id. at 209-210 (citing Sierra Club, 820 F.2d at 523). To determine "the proper measure for an increase in the cost of living, the First Circuit has used the date of enactment of the statutory cap as a base." Id. at 210. Courts, based on Consumer Price Index ("CPI") figures, can determine the cost of living increase since March 1996, the date on which the current statutory cap of $125 became effective. Id. (citing Morin, 835 F.Supp. at 1437, collecting cases supporting the use of CPI figures as proper measure of cost of living increase); see also Ramos v. Comm'r, 2012 WL 2711005, at *4 (appropriate hourly fee calculated by multiplying the cost of living increase by the $125 per hour statutory cap, based on the CPI figures

provided by the Bureau of Labor Statistics); Cacho-Bonilla, 206 F.Supp.2d at 210 (using CPI figures to measure the cost of living increase for purposes of attorney's fees award under EAJA).

 1. **Plaintiff's Request for Attorney's Fees**

District courts have broad discretion in determining reasonable attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The First Circuit has held that "when fee-shifting is in prospect, 'district judges have great discretion in deciding what claimed legal services should be compensated." Rivera Quintana, 692 F.Supp.2d at 226 (citing United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 37 (1st Cir. 2008)). Plaintiff here requests that the EAJA statutory rate of $125 be adjusted to take into account the increase in cost of living since the statutory cap was established at $125 in 1996, until 2019 and 2020 (the years in which most of the work was performed in this case). Initially, Plaintiff calculated the adjusted rates for 2019 and 2020 at $205 and $208, respectively.[2] Docket No. 31-2 at page 5. However, Plaintiff's counsel acknowledges that he has been working on social security cases for little over two years and that his principal area of practice is in-courtroom litigation. To account for this, Plaintiff's counsel proposes a downward adjustment of the fee as follows: $185 per hour for core attorney work (29.50 hours) and $90 per hour for work that may be performed by a nonlawyer or paralegal (2.55 hours), resulting in a total request of $5,687.00 for a total of 32.05 hours worked.

After reviewing Plaintiff's itemized statement, the Court finds that the computation of the actual time expended (32.05 hours) and the rates charged per hour are not excessive or unreasonable. In terms of the time spent managing this case, counsel carried out reasonable tasks to advance Plaintiff's interests; he filed a complaint, reviewed an extensive administrative record

---

[2] Even though Plaintiff's counsel did not provide a specific explanation as to the method used to calculate the COLA adjusted hourly rate per year, pursuant to the CPI inflation calculator provided by the Bureau of Labor Statistics, the $125 statutory cap in 1996 is equivalent to $204.08 and $207.22 in 2019 and 2020, respectively. See https://www.bls.gov/data/inflation_calculator.htm.

of 822 pages, submitted a comprehensive 22-page memorandum of law in support of his request to remand the case, and prepared a memorandum for the recovery of fees. Moreover, the compensable rate per hour requested, including the adjustment for cost of living increases, is also justified at $185 per hour for core attorney work and $90 for non-attorney work. See *e.g.* Nieves Montijo v. Comm'r of Social Security, 2011 WL 903970 (D.P.R. 2011) (up to 40 hours at rate of $174.39 is reasonable after obtaining remand for further administrative proceedings); Ramos v. Comm'r of Social Security, 2012 WL 2711005, at *4 (appropriate adjusted rates are $179.90 per hour for 2010 and $182.75 per hour in 2011); Digget v. Berryhill, 292 F. Supp. 3d 581, 584 (D.R.1. 2017) (adopting EAJA adjusted rates for work performed in 2016 at $192.68 and in 2017 at $197.95); Sinclair v. Berryhill, 284 F.Supp.3d 111, 116 (D. Mass. 2018) (paralegal rate of $90 per hour appropriate for services such as reviewing notices of appearance, confirming receipt of filings, reviewing orders); Maricelys S. v. Saul, 2020 WL 2063938, at *2 (D.R.I.) (rate applicable for work performed in 2018 was $201.59 and $206.57 for work performed in 2019).

Undisputedly, Plaintiff is entitled to mandatory fees under the EAJA. Considering that the Commissioner has presented no alternative method of calculating the cost of living adjustment, that the First Circuit has endorsed reliance on the CPI data compiled by the U.S. Bureau of Labor Statistics, and that Plaintiff requests an adjustment of the statutory cap that is considerably below the rates adjusted for inflation pursuant to the CPI for the years 2019 and 2020, the Court GRANTS Plaintiff's request to adjust the statutory cap for work performed in 2019 and 2020 and finds that 32.05 hours is a reasonable amount of time expended by Plaintiff's counsel on the district court proceedings and the fee application.

### III.     Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's request for attorney's fees against the United States of America in the total amount of **$5,687.00**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of June 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge